U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

2012 DEC 20  P 4: 08

MOSES V. RAMBARRAN P.C.
THE RAMBARRAN LAW FIRM

131 Main Street, Ste. 235
Hackensack, New Jersey 07601
Tel: (201) 490-4314
Fax: (201) 917-1366
File No.:
Attorney for Plaintiff

BIBI KHAN
(a/k/a Theresa Williams)

       Plaintiff,

            CIVIL ACTION No.: 12-7837 (FSH)

            **CIVIL ACTION**

vs.

            COMPLAINT; JURY DEMAND

BOROUGH OF ENGLEWOOD CLIFFS,
(a public entity);
ENGLEWOOD CLIFFS POLICE
DEPARTMENT,
CHIEF CIOFFL, LIENTENANT
TIMOTHY REGAN, SERGENT
DANIEL MORRISSEY, POLICE
OFFICERTRACY, POLICE OFFICER
TOTTEN, DETECTIVE GERALD
DARGEN, DETECTIVE JAMES
ECKERT, DETECTIVE JOHN DARM,
POLICE OFFICER PANTON
JOHN/JANE DOE(S)

       Defendants.

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 1983, § 1985(3) and § 1988 and the Fourteenth Amendment. Jurisdiction is founded on 28 U.S.C. §1331, §1332, and §1343 (1)(2)(3)(4) and the aforementioned statutory and constitutional provisions.

2. The amount in controversy exclusive of interest and costs exceeds the sum of $75,000.00.

## PARTIES

3. Plaintiff Bibi Khan (a/k/a/ Theresa Williams), is a resident of the State of New York.

4. The Defendant Borough of Englewood Cliffs is a public entity and a township located within Bergen County, State of New Jersey, and at all times mentioned herewith, employed the Defendants, Police Chief Michael Cioffi, Lieutenant Timothy Regan, Sergeant Daniel Morrissey, Police Officer Tracy, Police Officer Totten, Detective Gerald Dargen, Detective James Eckert, Detective John Darm, Officer Panton, and John Does 1-10 as Englewood Cliffs Police Officers. The Township of Englewood Cliffs and/or the Englewood Cliffs Police Department are responsible for insuring that the Englewood Cliffs Police Officers obey the regulations of the Englewood Cliffs Police Department and the laws of the United States and the State of New Jersey. Defendants, , represent police officers and/or law enforcement other than and in addition to Englewood Cliffs Police Officers who acted in concert in their dealings with and treatment of the plaintiff named herein.

## FACTUAL ALLEGATIONS

5. On December 20, 2010, Ms. Khan was taken into custody and arrested by the Englewood Cliffs Police Department on insufficient suspicion. She was later charged with the New Jersey crime of Extortion, specifically state statutes N.J. S.A. 2C:20-5; N.J.S.A. 2C:5-2A-(1) and N.J.S.A. 2C:5-1/2C:20-5C.

6. During and after the process of her arrest, Ms. Khan truthfully, repeatedly, and validly insisted that the complainant Mrs. Binder knew her and that she did not threaten to extort nor expose the videotapes of the sadistic sexual abuse by Mr. Binder to anyone.

7. During interrogation by Detective Darm and Police Officer Panton, Plaintiff Khan insisted to the police officers that she in fact knew the complainant Mrs. Binder. She offered intimate knowledge of the Binder home (including alarm system passwords and codes and detailed furniture placement). This was subsequently ignored by the police officers. The police officers refused to believe that she in fact knew the complainant and failed to properly investigate the Plaintiff's assertions in an effort to protect the reputation of the Complainant and her now deceased husband.

8. During the questioning of Mrs. Binder, Detective Timothy Regan and Sergeant Daniel Morrissey inquired about the events just before the alleged extortion took place. They asked Mrs. Binder who the girl was that the co-defendant was with. Mrs. Binder said that she did not know the identity of the girl and denied that she knew the female suspect in custody. Furthermore, the police department failed to do any lineup, photo array or any other investigative measure to evaluate the veracity of the Complainant's allegations.

9. Mr. and Mrs. Binder are longtime residents of Englewood Cliffs, New Jersey and, upon information and belief, in the past had boasted to the Plaintiff about their cash, monetary and other in-kind donations to the Englewood Cliffs Police Department PBA. Mrs. Binder was treated differently than any other member of the general public. It is obvious that the Binders benefactor status is a reason for this.

10. Soon after being taken into custody, the Plaintiff told a friendly female employee, "JANE DOE", of the Englewood Cliffs Police Department (the identity of this employee is unknown) that she knew the Binders since she was approximately fourteen (14) years old and she was sexually abused by Mr. Binder for over a decade. These two essential facts the police officers refused to believe and/or investigate.

11. On the day of her arrest, the police had access to a wealth of evidence to prove that Ms. Khan knew the Binders (in addition to the videotapes which the police had in their custody depicting the sexual abuse). This includes: photographs and videotapes showing Ms. Khan in the complainant's household, telephone records consisting of calls between the Binders and Ms. Khan, copies of cancelled checks paid by the Binders' corporation and others to Ms. Khan and other items clearly establishing their relationship.

## FEDERAL CLAIMS

### FIRST CAUSE OF ACTION (42 U.S.C. § 1983)

12. The allegations of paragraphs one through eleven are incorporated herein as if set forth at length.

13. The actions of the Defendants, Police Chief Michael Cioffi, Lieutenant Timothy Regan, Sergeant Daniel Morrissey, Police Officer Tracy, Police Officer Totten, Detective Gerald Dargen, Detective James Eckert, Detective John Darm, Officer Panton, and John

Does 1-10 as Englewood Cliffs Police Officers or police officers of other jurisdictions, committed under the color of law, deprived the Plaintiff of rights, privileges and immunities secured to her by the Constitution of the United States, including but not limited the following:

a). The right of the Plaintiff to equal protection of the law and protection from deprivation of life, liberty and property without due process secured by the Fourteenth Amendment;

b). The right of the Plaintiffs to adequate procedural due process of law as secured by the Fourteenth Amendment;

14. As the direct and proximate result of the above described unlawful and malicious acts of Defendants, Police Chief Michael Cioffi, Lieutenant Timothy Regan, Sergeant Daniel Morrissey, Police Officer Tracy, Police Officer Totten, Detective Gerald Dargen, Detective James Eckert, Detective John Darm, Police Officer Panton, and John Does 1-10 as Englewood Cliffs Police Officers Plaintiff Bibi Khan (a/k/a/ Theresa Williams) suffered severe physical and mental injuries including but not limited to false imprisonment, heart palpitations, post-traumatic stress disorder, and major depressive disorder, and a tendency to stop herself from getting too close to an individual, and mental anguish.

15. Plaintiff Bibi Khan (a/k/a/ Theresa Williams) suffered injuries and mental anguish in violation of their rights under the laws and Constitution of the United States in particular the Fourth and Fourteenth Amendment thereof and 42 U.S.C. 1983.

## SECOND CAUSE OF ACTION (42 U.S.C. § 1983)

16. The allegations of paragraphs one through fifteen are incorporated herein as if set forth in full.

17. Defendants, Borough of Englewood Cliffs and/or Englewood Cliffs Police

Department, are directly liable and responsible for the acts of the Englewood Cliffs Officers Police Chief Michael Cioffi, Lieutenant Timothy Regan, Sergeant Daniel Morrissey, Police Officer Tracy, Police Officer Totten, Detective Gerald Dargen, Detective James Eckert, Detective John Darm, Officer Panton, and John Does 1-10 individually and in their capacity as Englewood Cliffs Police Officers, because it failed to adequately train, supervise, discipline or in the proper way control Defendants, Englewood Cliffs Police Officers John Does 1-10, individually and in their capacity as Englewood Cliffs Police Officers, Defendants, Police Chief Michael Cioffi, Lieutenant Timothy Regan, Sergeant Daniel Morrissey, Police Officer Tracy, Police Officer Totten, Detective Gerald Dargen, Detective James Eckert, Detective John Darm, Officer Panton, and John Does 1-10 as Englewood Cliffs Police Officers demonstrating a policy of condoning misconduct. Given the incident of December 20, 2010 involving an arrest based on lack of probable cause, special training, supervision and control.

18. Defendants, ABC Entities 1-10 represent jurisdictions, agencies, departments in New Jersey other than Englewood Cliffs, New Jersey. Defendants, ABC entities 1-10 are directly liable and responsible for the acts of Defendants, because they failed to adequately train, supervise, discipline or in a way control the conduct of Defendants and demonstrated a policy of condoning misconduct.

19. Plaintiff suffered damages as specified in Paragraph fifteen of this Complaint.

### THIRD CAUSE OF ACTION (NEGLIGENCE)

20. The allegations of one through nineteen are incorporated herein as if set forth in full.

21. At the time and place aforementioned, the Defendants, Englewood Cliffs Police Department and police officers Defendants, Police Chief Michael Cioffi, Lieutenant

Timothy Regan, Sergeant Daniel Morrissey, Police Officer Tracy, Police Officer Totten, Detective Gerald Dargen, Detective James Eckert, Detective John Darm, Officer Panton, and John Does 1-10 as Englewood Cliffs Police Officers failed to investigate Plaintiff's claims that exculpatory evidence existed prior to and during Plaintiff's arrest for extortion when the Complainant, Mrs. Binder lied to the police department about knowing Plaintiff.

22. Contemporaneous to her arrest, Plaintiff supplied and offered the investigating police officers with substantial and corrobating evidence that she and the Complainant did in fact know each other. Had the investigating police officers acted upon this claim, they would have discovered that the Complainant, Mrs. Binder, had lied when she claimed that she did not know the Plaintiff. The Plaintiff is the same person she and her deceased husband had imprisoned for years as a sexual slave.

23. The veracity of the Complainant's allegations was never pursued by the Defendants and the obvious holes could have revealed that Plaintiff was not involved in the extortion scheme. The Complainant and Mr. Binder lived together with the Plaintiff for more than a decade and it is simply implausible that the Plaintiff was the "unknown female" who accompanied co-defendant Persaud to the Binder residence.

24. The Defendants, Defendants, Police Chief Michael Cioffi, Lieutenant Timothy Regan, Sergeant Daniel Morrissey, Police Officer Tracy, Police Officer Totten, Detective Gerald Dargen, Detective James Eckert, Detective John Darm, Officer Panton, and John Does 1-10 as Englewood Cliffs Police Officers Officers John Does 1-10 individually and in their capacity as Police Officers are directly liable under the doctrine of Respondeat Superior as employees of the Englewood Cliffs Police Department for the violations of state tort law and the U.S. Constitution committed on Complainant.

25. The Defendants Englewood Cliffs Police Department and officers, Defendants, Police Chief Michael Cioffi, Lieutenant Timothy Regan, Sergeant Daniel Morrissey, Police Officer Tracy, Police Officer Totten, Detective Gerald Dargen, Detective James Eckert, Detective John Darm, Officer Panton, and John Does 1-10 as Englewood Cliffs Police Officers John Does 1-10 individually and in their capacity as Police Officers were negligent in hiring and retention of said employees, failure to implement adequate police procedures, namely during and after arrest of a suspect.

26. Plaintiff suffered damages as set forth in paragraph fifteen of this Complaint.

## FOURTH CAUSE OF ACTION---INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27. The allegations set forth in paragraph one through twenty-six are incorporated herein as if set forth in full.

28. In New Jersey, it is well established that anyone directing extreme and outrageous conduct toward another with intent to produce emotional distress or recklessly in deliberate disregard of a high probability that emotional distress will follow where misconduct proximately causes damages to the injured person that no reasonable person could be expected to endure, is liable for the state tort of intentional infliction of emotional distress.

29. Defendants, Defendants, Police Chief Michael Cioffi, Lieutenant Timothy Regan, Sergeant Daniel Morrissey, Police Officer Tracy, Police Officer Totten, Detective Gerald Dargen, Detective James Eckert, Detective John Darm, Officer Panton, and John Does 1-10 as Englewood Cliffs Police officers acting in their official capacity on behalf of the Englewood Cliffs Police Department various employees of Englewood Police Dept failed to conduct a

proper investigation by failing to investigate the claims of Plaintiff Khan relating to the fact that she knew Mr. and Mrs. Binder, the facts that she was associated with and was deliberately and brutally abused by the Binders for a period of over ten years, and failed to take note of the exculpatory evidence.

30. Defendants intended to cause Plaintiff severe and substantial emotional distress by willfully and deliberately ignoring and failing to investigate or substantiate the claims of Plaintiff Khan as expressed above.

31. As a direct and proximate result of the intentional extreme and outrageous conduct of Defendants, Plaintiff Khan suffered damages as set forth above in paragraph fifteen of this Complaint.

### FIFTH CAUSE OF ACTION—NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs one-thirty-one of this Complaint.

33. In New Jersey, it is well established that anyone who subjected a plaintiff to threat of physical impact or severe emotional distress likely to cause physical symptoms that is negligent in conduct resulting in physical symptoms from the distress is liable for the state tort of Negligent Infliction of Emotional Distress.

34. Defendants: Defendants, Police Chief Michael Cioffi, Lieutenant Timothy Regan, Sergeant Daniel Morrissey, Police Officer Tracy, Police Officer Totten, Detective Gerald Dargen, Detective James Eckert, Detective John Darm, Officer Panton, and John Does 1-10 as Englewood Cliffs Police Officers and Various John Does and Jane Does acting in their official capacity on behalf of the Englewood Cliffs Police Department various employees of Englewood

Police Dept failed to conduct a proper investigation by failing to investigate the claims of Plaintiff Khan relating to the fact that she knew Mr. and Mrs. Binder, the facts that she was associated with and abused by the Binders for a period of over ten years, and failed to take note of the exculpatory evidence.

35. As a direct and proximate result of Defendants' negligent conduct during police investigations while investigating Defendant Binder's statement and Plaintiff Khan's statements, they acted with negligence in creating physical injury to Plaintiff in which they knew or should have known would result.

36. As a direct and proximate result of Defendants' negligent conduct the Plaintiff suffered damages as set forth above in paragraph fifteen of this Complaint.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, Englewood Cliffs Police Officers Defendants, Police Chief Michael Cioffi, Lieutenant Timothy Regan, Sergeant Daniel Morrissey, Police Officer Tracy, Police Officer Totten, Detective Gerald Dargen, Detective James Eckert, Detective John Darm, Officer Panton, and John Does 1-10 as Englewood Cliffs Police Officers, Borough of Englewood Cliffs, Englewood Cliffs Police Department jointly, severally and/or in the alternative as follows:

a). For compensatory, exemplary and punitive damages in an amount to be determined;

b). Attorneys' fees, costs of suit, interest and pre-judgment interest;

c). Such other legal and equitable relief as the Court may deem appropriate.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of six (6) persons on all issues so triable.

## CERTIFICATION

The undersigned certifies that to the best of his knowledge and belief, there is not pending any other action which arises from the incident alleged in The Complaint or which involves the parties to this action.

                                    THE RAMBARRAN LAW FIRM, P.C
                                    Attorneys for Plaintiff

DATED: 12/20/12                     _____
                                    By: MOSES V. RAMBARRAN