NOT FOR PUBLICATION                                                                      CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BIBI KHAN, | Civil Case No. 12-7837 (FSH) (JBC) |
| Plaintiff, |  |
| v. | **OPINION & ORDER** |
|  | January 27, 2013 |
| BOROUGH OF ENGLEWOOD CLIFFS, et al., |  |
| Defendants. |  |

**HOCHBERG, District Judge:**

      This matter comes before the Court upon a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 23] by Defendants, the Borough of Englewood Cliffs, Englewood Cliffs Police Department, and a number of individual police officers. The Court has reviewed the submissions of the parties and considers the motions pursuant to Federal Rule of Civil Procedure 78.

**I. BACKGROUND**

      This matter arises out of Plaintiff's arrest for extortion on December 20, 2010. After a third-party witness accused Plaintiff Bibi Khan (a/k/a Theresa Williams) of extortion, several police officers arrested Plaintiff. She pled guilty to attempted theft by extortion; admitted the underlying facts of the crime; and was convicted in state court. Two years after her arrest, she brought this action for false imprisonment against the arresting officers, and the other named

Defendants.[1]  Defendants have moved to dismiss the Complaint, arguing that Plaintiff's claims are barred under *Heck v. Humphrey* based on her prior state court criminal conviction.

Before her arrest, Plaintiff states that a third-party, identified in the Complaint as Mrs. Binder, reported to the police that Plaintiff had committed extortion.  (*See* Compl. ¶¶ 6, 7). Binder told the police that Plaintiff had threatened to release an explicit video of Binder's deceased husband if Binder did not pay a sum of money. (*See* Compl. ¶ 6). Based on this accusation, the police officer Defendants arrested Plaintiff.  (*See* Compl. ¶ 5). Plaintiff asserts that Binder's accusation was false, and that it did not give the police sufficient probable cause for her arrest.[2] (Compl. ¶¶ 5, 6).

The New Jersey Superior Court criminal complaint against Plaintiff shows that Plaintiff was arrested for allegedly "conspir[ing] with another to commit extortion by . . . purposely and unlawfully obtaining $575,000.00 dollars from [Binder] under threat of exposing both audio and visual recordings of her deceased husband."  (Defs.' Br. in Supp. of their Mot. to Dismiss, Ex. A, ECF No. 23-2).  She was indicted by a grand jury for "attempt[ing] to obtain by extortion property of [Binder] by purposely threatening to expose or publicize any secret" on February 8, 2011, (*Id.*, Ex. B), and pled guilty on April 4, 2011 to second-degree attempted theft by extortion, (*Id.*, Ex. C; Pl.'s Br. in Oppn. to Defs.' Mot. to Dismiss 7, ECF Nos. 26, 11).[3]  During the plea colloquy, Plaintiff was questioned about her role in the charged conduct.  The Court

---

[1]  Defendants include the Borough of Englewood Cliffs, Englewood Cliffs Police Department, Police Chief Cioffi, Lieutenant Timothy Regan, Sergeant Daniel Morrissey, Police Officer Tracy, Police Officer Totten, Detective Gerald Dargen, Detective James Eckert, Detective John Darm, and Police Officer Panton.

[2] Plaintiff was charged with violating N.J.S.A. 2C:20-5 (theft by extortion); N.J.S.A. 2C:5-2(a)(l) (conspiracy) and N.J.S.A. 2C:5-1/2C:20-5C (criminal attempt, theft by extortion). (Compl. ¶ 5).

[3] Plaintiff's Opposition incorporated by reference an earlier brief, ECF No. 11.

asked her whether she had obtained "a personal videotape of [her] -- and the victim's husband . . . engaged in sexual relation," and whether she had contacted the victim and threatened to expose this fact in order to extort money from Binder. (*Id.*, Ex. C at 13-15). To both questions, Plaintiff answered "yes." (*Id.*). Plaintiff appealed her sentence, which was reversed and remanded to the trial court. (Joint Status Report, ECF No. 30). On August 1, 2013, New Jersey Superior Court Judge Roma resentenced Plaintiff. (*Id.*). Plaintiff appealed this sentence as well, and it is currently pending before the appellate division. (*Id.*).

In the Complaint, filed December 20, 2012, Plaintiff asserts that the arresting officers' conduct was wrongful because they credited Binder's accusation and placed Plaintiff under arrest. (Compl. ¶¶ 5, 17). Plaintiff further claims that Binder's husband had allegedly imprisoned Plaintiff in Binder's home since the age of fourteen and had abused her. (Compl. ¶ 22). Plaintiff contends that she told the officers, at the time of her arrest, that she did not commit extortion. She claims that she allegedly identified details of the Binder home, indicating that Plaintiff had visited the home before. Plaintiff asserts that this knowledge of the Binder home demonstrated that Mrs. Binder was lying and that Plaintiff was innocent of extortion. (Compl. ¶¶ 21, 23). Defendants allegedly failed to investigate Plaintiff's claims regarding this exculpatory evidence, (Compl. ¶ 21), causing her "severe physical and mental injuries," (Compl. ¶ 14). In opposition to the motion to dismiss, Plaintiff, who is represented by counsel, claims that the police officer Defendants' failure to investigate Plaintiff's purported innocence was a "calculated effort to protect the reputation of the complaining witness and her late husband (prominent members of the community . . . )." (Pl.'s Br. 2). It is not clear from the Complaint, however, how Plaintiff contends that her knowledge of the Binders' home demonstrated that she did not extort money from Mrs. Binder.

Regarding whether there was probable cause for Plaintiff's arrest, Plaintiff alleges that she "was taken into custody and arrested by the Englewood Cliffs Police Department on insufficient suspicion," (Compl. ¶ 5); that, at the time of her arrest she "truthfully, repeatedly, and validly insisted that the complainant Mrs. Binder knew her and that she did not threaten to extort nor expose the videotapes . . ." (Compl. ¶ 6); that "the veracity of the Complainant's allegations was never pursued by the Defendants and the obvious holes could have revealed that Plaintiff was not involved in the extortion scheme," (Compl. ¶ 23); that the "police department failed to do any lineup, photo array or any other investigative measure to evaluate the veracity of the Complainant's allegations," (Compl. ¶ 8); and that Defendants "failed to investigate Plaintiff's claims that exculpatory evidence existed prior to and during Plaintiffs arrest for extortion when the Complainant, Mrs. Binder lied to the police department about knowing Plaintiff," (Compl. ¶ 21).

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under Iqbal, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal,* 129 S.Ct. at 1949 (internal quotations and alterations omitted).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1426 (3d Cir. 1997). Courts may consider, however, matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint in deciding a Fed. R. Civ. P. 12(b)(6) motion. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "[A] defendant may supplement the complaint by adding exhibits such as public records and other indisputably authentic documents underlying the plaintiff's claims." *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003) (citations omitted); *Children's Seashore House v. Waldman*, 197 F.3d 654, 662 n.7 (3d Cir. 1999) ("[A] court on a motion to dismiss can consider matters of public record."). This includes "court docket entries and official court transcripts and documents which relate directly to the legal merits of a claim asserted by Plaintiff." *Kist v. Fatula*, Civ. No. 32006-67, 2007 WL 2404721, at *4 (W.D. Pa. Aug. 17,

2007). Thus, the Court is permitted to consider Plaintiff's conviction records and the plea transcript in determining whether to grant Defendants' 12(b)(6) motion based on *Heck v. Humphrey*. *Id.* (examining plaintiff's state court plea for the purposes of ruling on defendants' motion to dismiss based on *Heck*); *Wade v. Colaner*, Civ. No. 06-3715, 2009 WL 776985, at *6 (D.N.J. Mar. 20, 2009) (same).

## III. DISCUSSION

*(a) Plaintiff's § 1983 Claim*

  1. *Heck* Framework

  Defendants argue that the Court should dismiss Plaintiff's § 1983 claims under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). Under the *Heck* doctrine, this Court must dismiss a § 1983 claim if finding in favor of the plaintiff would "necessarily imply the invalidity of a prior criminal conviction." *Lora-Pena v. FBI*, 529 F.3d 503, 505 (3d Cir. 2008). In *Heck*, the Supreme Court held that,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.
> *Heck,* 512 U.S. at 486-87.

In explaining its holding, the court noted that, "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489.

6

Thus, in deciding this motion to dismiss, the first inquiry is whether the claims asserted by the plaintiff would "necessarily imply the invalidity of [her] conviction." *Wallace v. Kato*, 549 U.S. 384, 398, 127 S. Ct. 1091 (2007) (Stevens, J., concurring) (quoting *Heck*, 512 U.S. at 486-87 (the "court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.")).

Here, Plaintiff has alleged constitutional violations, arguing that the police officer Defendants, in crediting Ms. Binder's allegation that she committed extortion, arrested Plaintiff "on insufficient suspicion," (Compl. ¶ 5), "without adequate procedural due process of law as secured by the Fourteenth Amendment," (Compl. ¶ 13), and committed "false imprisonment," (Compl. ¶ 14).

Regarding Plaintiff's Fourteenth Amendment claims, "[t]he Supreme Court has held that when government behavior is governed by a specific constitutional amendment, due process analysis is inappropriate. . . the constitutionality of arrests by state officials is governed by the Fourth Amendment rather than due process analysis." *Berg v. County of Allegheny*, 219 F.3d 261, 268-69 (3d Cir. 2000). Here, because Plaintiff's only allegation of wrongdoing by the police officer Defendants arises out of her arrest and prosecution purportedly without probable cause, her Fourteenth Amendment claims will be interpreted as malicious prosecution claims under the Fourth Amendment. *Varriale v. Borough of Montvale*, Civ. No. 04-199, 2006 WL 1806411, at *5 (D.N.J. June 29, 2006). Her other constitutional claims will be interpreted as false arrest and false imprisonment claims under the Fourth Amendment.

### 2. Whether Plaintiff's Claims Imply the Invalidity of Her Conviction

#### (i) Malicious Prosecution

Plaintiff's malicious prosecution claim is barred under *Heck* because it is premature. *Nicholas v. Heffner*, 228 F. App'x 139, 141 (3d Cir. 2007) ("To the extent Nicholas seeks damages for malicious prosecution, he has no cause of action under 42 U.S.C. § 1983 absent a showing that his conviction has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.") (citing *Heck*, 512 U.S. at 486-87). Until Plaintiff receives favorable termination of the state proceedings against her, "a malicious prosecution claim [] brought under § 1983, [] is barred simply for lack of favorable termination." *Kossler v. Crisanti*, 564 F.3d 181, 199 n.6 (3d Cir. 2009) (*en banc*).

#### (ii) False Arrest, False Imprisonment

As for Plaintiff's remaining § 1983 claims, actions for "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Wallace*, 127 S. Ct. at 1095. When analyzed under *Heck,* they may be grouped together as claims for false imprisonment. *Id.* Not every false imprisonment claim necessarily implies the invalidity of a conviction. *Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998). But "if the plaintiff [in a false imprisonment suit] is ultimately convicted, and if the . . . civil suit would impugn that conviction, *Heck* will require dismissal . . . ." *Wallace*, 549 U.S. at 394. After *Wallace*, the Third Circuit has held that a false imprisonment claim by a civil plaintiff that would imply that her criminal conviction is invalid is not cognizable under § 1983. *Wells v. King,* 232 F. App'x 148, 149 (3d Cir. 2007). A court may decide

that a false imprisonment claim implies the invalidity of the prior state conviction if "review of the complaint reveals that the actual claim underlying [Plaintiff's] assertions is the challenge to his conviction." *Id.*; *Jones v. Mermon*, 507 F. App'x 100, 103 (3d Cir. 2012) ("Jones' allegation that the criminal complaint against him and his arrest were false implicates the validity of his conviction . . . Jones' response to the Clerk's order indicates that he is still seeking relief from his conviction. Accordingly, his false complaint and false arrest claims were properly dismissed.").

  Here, Plaintiff does not dispute that success on her claim would "imply the invalidity of [her] criminal conviction." (Pl.'s Br. 4).  Admittedly, the sole assertion of unconstitutional conduct in the Complaint against the police officer Defendants is based on Plaintiff's purported actual innocence of the underlying crime: "the Englewood Cliffs Police Department [arrested Plaintiff] on insufficient suspicion" for extortion because Plaintiff "truthfully, repeatedly, and validly insisted that the complainant Mrs. Binder knew her and that [Plaintiff] did not threaten to extort nor expose the videotapes . . . ." (Compl. ¶¶ 5, 6).  Plaintiff asserts that liability stems from the police officer Defendants' purported failure to recognize "obvious holes [which] revealed that Plaintiff was not involved in the extortion scheme." (Compl. ¶ 23).   Similarly, in her opposition brief, counsel urges this Court to rule on the validity of Plaintiff's state court conviction for extortion because her state court case was allegedly "a textbook example of such a travesty" where Plaintiff was "wrongly convicted of crimes [she] did not commit."  (Pl.'s Br. 4). Plaintiff does not argue that *Heck* is inapplicable, nor dispute that Plaintiff's claim - that Binder's accusation of extortion was untrue - would impugn Plaintiff's conviction. *Leibner v. Borough of Red Bank Police Dep't*, Civ. No. 12-4104 FLW, 2013 WL 1065927, at *5 (D.N.J. Mar. 12, 2013) (Where a plaintiff concedes that he seeks to attack the validity of his state conviction, "it is

largely undisputed that the *Heck* doctrine acts to bar Plaintiff's wrongful arrest and imprisonment claims."). Ultimately, Plaintiff asserts that the Court should look past her guilty plea because, when "Defendants chose to ignore the lies of the complaining witnesses, . . . Plaintiff had no choice but to accept a guilty plea . . . ." (Pl.'s Br. 7). A review of the Complaint shows that Plaintiff is attempting to appeal her state court conviction via a § 1983 claim. *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) ("It is well-settled that when a state prisoner is challenging the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a § 1983 action."). Although not every false imprisonment claim necessarily implies the invalidity of a conviction, here, the allegations in Plaintiff's Complaint reveal that her underlying claim is a direct challenge to every aspect of her conviction, i.e. that the complaining witness's accusation of extortion was untrue.[4] *Wells v. King,* 232 F. App'x 148, 149 (3d Cir. 2007); *see Jones v. Mermon*, 507 F. App'x 100, 103 (3d Cir. 2012); *Schweitzer v. United States*, Civ. No. 08-1806, 2011 WL 4435850, at *3 (E.D. Pa. Sept. 21, 2011) appeal dismissed, 457 F. App'x 78 (3d Cir. 2012) ("Peppered throughout the complaints are his claims that he is innocent, was wrongly convicted . . . it is clear his underlying purpose is to argue that Defendants' alleged unlawful conduct led to his criminal convictions . . . his action is barred because he clearly challenges the lawfulness of his convictions.").

Plaintiff's constitutional claims are dismissed until Plaintiff achieves favorable termination of her available state, or federal habeas, opportunities.

---

[4] Having compared the elements, the Court finds that an element of Plaintiff's false arrest and false imprisonment causes of action would necessarily contradict and imply the invalidity of an element of her state conviction for extortion.

*(b) State Law Claims*

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284-85 (3d Cir. 1993). In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons*, 983 F.2d at 1284 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *Gibbs*, 383 U.S. at 726; *Growth Horizons,* 983 F.2d at 1284-85.

In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation, and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

**IV.  CONCLUSION & ORDER**

**IT IS ACCORDINGLY**, this 27th day of January, 2014,

11

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED**; and it is further

**ORDERED** that this case is **CLOSED**.

**/s/ Faith S. Hochberg**
**Hon. Faith S. Hochberg, U.S.D.J.**
